IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KURT F. LUNA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:06-0658 |
| | ) | |
| FORD MOTOR COMPANY, et al., | ) | Judge Echols/Bryant |
| | ) | |
| Defendants. | ) | |

**TO: The Honorable Robert L. Echols**

### REPORT AND RECOMMENDATION

By order entered July 21, 2006, the Court referred this case to the Magistrate Judge for consideration of all nondispositive pretrial matters and for report and recommendations on all dispositive motions (Docket Entry No. 13). On October 2, 2006, Magistrate Judge Griffin reassigned this case to the undersigned (Docket Entry No. 46).

Pending are plaintiff's Motion for a Preliminary Injunction Pending Filing of Complaint (Docket Entry No. 1-1) and four motions to dismiss filed on behalf of defendants (Docket Entry Nos. 17, 20, 26 and 32).

For the reason stated below, the undersigned **RECOMMENDS** that these motions be **DENIED** without prejudice to their refiling if plaintiff files a complaint.

On July 3, 2006, plaintiff, proceeding pro se, attempted to commence this action by filing a "Motion for a Preliminary Injunction Pending Filing of Complaint" (Docket Entry No. 1-1),

which was accompanied by plaintiff's affidavit (Docket Entry No. 1-2). In this motion, plaintiff states that he is preparing a complaint, and he seeks a preliminary injunction "prohibiting the Defendants from altering and/or destroying evidence vital to the Plaintiff presenting his Complaint to the Court." (Complaint, p. 2). From plaintiff's papers, it appears that he allegedly purchased a Ford model F-350 XL Super Duty truck that he claims has exhibited "problems of low gas mileage and no power;" that he has sought unsuccessfully to have these problems remedied; and that he holds defendants, or some of them, responsible for resulting economic damages. In addition, it appears that plaintiff claims that Ford Motor Credit Company and certain of its employees have engaged in illegal practices in seeking to collect his truck payments.

All of the defendants have filed motions to dismiss raising various grounds, including the assertion that plaintiff has not properly commenced this action by filing a complaint with the Court, as required by Rule 3, Federal Rules of Civil Procedure.

Rule 3 states: "A civil action is commenced by filing a complaint with the court." Prior to the filing of a complaint a court lacks subject matter jurisdiction and is powerless to grant preliminary injunctive relief. Williams v. State University of New York, 635 F.Supp. 1243, 1246 (E.D.N.Y. 1986); Oba v. Goord, 180 F.R.D. 244 (W.D.N.Y. 1998). Accordingly, plaintiff's motion for

2

preliminary injunction must be denied for lack of subject matter jurisdiction.

### RECOMMENDATION

Accordingly, the undersigned hereby **RECOMMENDS** that plaintiff's Motion for a Preliminary Injunction Pending Filing of Complaint be **DENIED**, and that plaintiff be granted leave to file a complaint complying with Rule 8(a) within twenty (20) days. See Wood v. Holinka, 2005 WL 1331003 (D. Minn. May 26, 2005). If he fails to do so, the undersigned **RECOMMENDS** that this action be **DISMISSED**. The undersigned further **RECOMMENDS** that defendants' Motions to Dismiss (Docket Entry Nos. 17, 20, 26 and 32) be **DENIED** without prejudice to their refiling if plaintiff files a complaint.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

3

**ENTERED** this 2nd day of February, 2007.

                                        s/ John S. Bryant
                                        JOHN S. BRYANT
                                        United States Magistrate Judge