UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KURT F. LUNA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:06-0658 |
| ) | |
| FORD MOTOR COMPANY, et al., ) | Judge Echols/Bryant |
| ) | |
| Defendants. ) | |

To: The Honorable Robert L. Echols, Senior Judge

Report and Recommendation

Currently pending in this civil action are Defendant Stan McNabb Ford's Renewed Motion to Dismiss (Docket Entry No. 103), supplanting its Motion to Dismiss (Docket Entry No. 60); Defendant Ford Motor Credit Company's Renewed Motion to Dismiss (Docket Entry No. 120), supplementing Defendant Ford Motor Credit Company and Employees' Motion to Dismiss (Docket Entry No. 61); Defendants Ford Motor Company, Jenkins and Wynne, Inc., and Employees' Motion to Dismiss (Docket Entry No. 63) and Motion to Dismiss Amended Complaint (Docket Entry No. 100); Defendant Alexander Ford, Lincoln-Mercury, Inc.'s Renewed Motion to Dismiss, (Docket Entry No. 113), supplanting its Motion to Dismiss (Docket Entry No. 65); and Motion to Dismiss on Behalf of Defendants Steven Lipsey and Stone & Hinds, P.C. (Docket Entry No. 122). All motions seek the dismissal of Plaintiff's pro se complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6), Fed.R.Civ.P.

1

For the reasons stated below, the undersigned RECOMMENDS that the Defendants' motions to dismiss be GRANTED, that the claims against Defendants Jenkins & Wynne, Inc., Stan McNabb Ford, Alexander Ford, Lincoln-Mercury, Inc., Cox, Thyen, Holt, and Marshall, and Plaintiff's charges under the Fair Debt Collection Practices Act against Ford Motor Credit Company ("FMCC") be DISMISSED for failure to state a claim upon which relief can be granted, and that the claims against Defendant Ford Motor Company ("FMC") for breach of warranty be DISMISSED for lack of subject matter jurisdiction resulting from failure to meet amount in controversy requirements.[1]

## II. Procedural History

By order entered July 21, 2006, the Court referred this case to the Magistrate Judge for consideration of all nondispositive pretrial matters and for report and recommendations on all dispositive motions (Docket Entry No. 13). On October 2, 2006, Magistrate Judge Griffin reassigned this case to the undersigned (Docket Entry No. 46).

On February 2, 2007, the undersigned recommended that Plaintiff be granted leave to file a complaint complying with Rule 8(a) within 20 days, subject to dismissal of the action if Plaintiff failed to do so. (Docket Entry No. 53). Plaintiff, proceeding pro se, filed "Complaint of Consumer Fraud Violation of Title 15 § 1692" on February 16, 2007, (Docket Entry No. 57) ("Complaint"), against Defendants FMC, Jenkins & Wynne, Stan McNabb Ford, Alexander Ford, Lincoln-Mercury, Inc., Cox, Thyen, Holt, and Marshall. (Complaint at 1). Defendants filed Motions to Dismiss (Docket Entry Nos. 60, 61, 63, 65). On March 14, 2007, the Court

---

[1]Although this jurisdictional issue was not raised as such by any defendant to this action, the court has a continuing "independent obligation to police its own jurisdiction" regardless of whether the parties challenged subject matter jurisdiction. United States v. Certain Land Situated in City of Detroit, 361 F.3d 305, 307 (6th Cir. 2004).

accepted the Report and Recommendation and directed Plaintiff to serve copies of his complaint and a summons on each named Defendant in compliance with Federal Rule of Civil Procedure 4. (Docket Entry No. 68). The Plaintiff filed a Motion to Amend or Alter Order to dispense with service requirements (Docket Entry No. 73). On April 25, 2007, the court denied Plaintiff's Motion to Alter or Amend Order (Docket Entry No. 83) and returned the case for further case management.

Plaintiff has since filed Plaintiff's Amendment to Complaint to Add Named Defendant Steven David Lipsey and Corporate Defendant Stone & Hinds, P.C. (Docket Entry No. 88). Defendants Lipsey and Stone & Hinds have filed a Motion to Dismiss. (Docket Entry No. 122). The other Defendants have filed Renewed Motions to Dismiss (Docket Entry Nos. 100, 103, 113, 120). To which motions to dismiss, Plaintiff has filed Plaintiff's Response to Defendant's Motions and Plaintiff's Statement of Undisputed Facts. (Docket Entry No. 124).

## II. Analysis

A. Standard of Review

In reviewing a motion to dismiss under Rule 12(b)(6), the court should construe the complaint in the light most favorable to the plaintiff and accept all of the complaint's factual allegations as true. Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998). Pro se complaints are to be construed liberally, Boag v. MacDougall, 454 U.S. 364, 365 (1982), but not to the extent of abrogating basic pleading essentials. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). The court is not required to accept nonspecific factual allegations and inferences and unwarranted legal conclusions. Dellis v. Corrections Corp. of Am., 257 F.3d 508, 511 (6th Cir. 2001).

3

The plaintiff must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 507 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Reflected in the Rule 8(a)(2) requirement that the complaint "sho[w] that the pleader is entitled to relief" is the "need at the pleading stage for allegations plausibly suggesting (not merely consistent with)" the elements of a claim. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965-66 (2007). Naked assertions come close to stating a claim, "but without some further factual enhancement ... stop[] short of the line between possibility and plausibility of 'entitle[ment] to relief.'" *Id*. Factual allegations must "raise a right to relief above the speculative level," assuming that all allegations in the complaint are true. *Id* at 1965.

B. Plaintiff's Complaint

The Plaintiff's original complaint charged Defendants with violations of the Magnuson-Moss Warranty Act ("MMWA") and "harassing collection practices; False advertising and deceptive advertising, and Defective Products" under 15 U.S.C. § 1692d (Complaint at 2). Plaintiff included by reference the exhibits attached to his Preliminary Motion for Injunction. (Complaint at 4).

Plaintiff alleges that he bought a Ford truck from Defendant Jenkins & Wynne, Inc. and financed his purchase through FMCC. (Complaint at 4). Plaintiff claims that this truck, manufactured by FMC, has not performed as advertised by FMC. *Id*. The Plaintiff alleges vehicle performance problems including fuel mileage at 3 miles per gallon, low torque, and an engine that runs hot. *Id.* at 5. Plaintiff alleges against the Defendants Jenkins & Wynne, Inc.,

4

Stan McNabb Ford, Alexander Ford, Lincoln-Mercury, Inc., and FMC that, though the vehicle has been in the shop, the problems were deemed not "correctable by warranty" under the FMC computer system and repairs could not be completed unless authorized by FMC. *Id.* at 4-6.

Against Defendant FMCC and its agents, Plaintiff alleges Defendant FMCC had its agents call and harass Plaintiff "at all hours of day and night," and attempt to repossess the truck at 11:30 p.m.. *Id.* at 7. Plaintiff also alleges Defendant FMCC engaged in intentional intimidation through threatening letters from attorney Steven Lipsey. *Id.* at 11-12.

Plaintiff alleges Lipsey has violated the Fair Debt Collections Act through "illegal collections," "harassment" and filing a collections lawsuit in retaliation for Plaintiff's legal action. (Docket Entry No. 88) ("Amended Complaint" at 3-4).

C. Sufficiency of the Complaint

1. Fair Debt Collection Practices Act Harassment

Congress enacted the Fair Debt Collections Practices Act ("FDCPA") to eliminate "the use of abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). Under 15 U.S.C. § 1692d, debt collectors may not "engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." A debt collector is a "business the principal purpose of which is the collection of any debts, or who regularly collects ... debts owed or due ... another." 15 U.S.C. § 1692a(6). The term does not include creditors or "any officer of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A). A "'creditor' means any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4).

5

(a) Ford Motor Credit Company

Plaintiff alleges that Defendant FMCC had its agents call and harass Plaintiff "at all hours of day and night." The FDCPA is enforceable only against debt collectors as defined by the statute, a class which excludes enforcers of a present right of possession via a security interest, such as a repossession agency. Montgomery v. Huntington Bank, 346 F.3d 693, 700 (6th Cir. 2003). A conclusory statement that a defendant is a business whose principal purpose is debt collection does not suffice to establish that defendant is a debt collector for the purposes of an FDCPA claim. *Id*. In particular, automobile financing companies making loans to automobile purchasers have been found not to have the principal purpose of debt collection. James v. Ford Motor Credit Co., 842 F.Supp. 1202, 1206 (D.Minn. 1994). Plaintiff has not alleged facts showing that FMCC is a debt collector subject to the FDCPA and its restrictions, rather than a creditor to whom the debt is owed; indeed, he references the Ford Credit installment contract in his complaint. (Docket Entry No. 1, Exhibit 3 at 3). Although Plaintiff alleges that Defendant FMCC had a wrecker service attempt to retake the truck, (Complaint at 7), the FDCPA does not create a federal cause of action against creditors or their employees. MacDermid v. Discover Fin. Servs., --- F.3d ----, 2007 WL 1529406, at *11 (6th Cir. May 29, 2007). Accordingly, the undersigned must conclude that Plaintiff's complaint fails to state a claim against FMCC upon which relief can be granted under the FDCPA.

(b) Cox, Thyen, Holt, and Marshall

Plaintiff does not mention Defendants Cox, Thyen, Holt, and Marshall in his complaint beyond naming them as Defendants. To comply with Rule 8(a), where a complaint involves multiple defendants, it should make clear which defendants are accused of which wrongs.

6

Rotello v. Clayton Homes of Delaware, Inc., 2006 WL 2771018, at *4 (E.D. Tenn. 2006) (citing Babb v. Bridgestone/Firestone, 861 F.Supp. 50, 53 (M.D. Tenn. 1993)).  Plaintiff's complaint fails to specify that these named defendants committed any wrongs complained of, beyond references to Defendants as a group.  Plaintiff's complaint fails to comply with Rule 8(a) with respect to these Defendants.

Moreover, while Plaintiff appears to have obtained proper service of process upon the other Defendants pursuant to this court's order, (Docket Entry No. 68), it does not appear that Defendant Cox, Thyen, Holt, and Marshall have been personally served with process.  Service upon the registered agent of their corporate employers is insufficient.  The case against these employees should be dismissed.

(c) Steven Lipsey and Stone & Hinds, P.C.

Pursuant to Rule 15(a) the plaintiff can amend his complaint once as a matter of course at any time before a responsive pleading is served. Fed.R.Civ.P. 15(a).  Plaintiff has filed Plaintiff's Amendment to Complaint to Add Named Defendant Steven David Lipsey and corporate defendant Stone & Hinds, P.C. (Amended Complaint). Plaintiff alleges Lipsey has violated the FDCPA for filing a lawsuit in state court after Plaintiff filed his complaint, sending "harassing letters," and using "illegal collection practices." (Amended Complaint at 3-4). Beyond naming Stone & Hinds, P.C. as a Defendant, Plaintiff makes no factual allegations against the firm. *Id.*  Steven Lipsey identified himself as a "debt collector." (Amended Complaint, Exhibit 2).

The FDCPA, in 15 U.S.C. § 1692d, prohibits "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Section

7

1692d concerns tactics "intended to embarrass, upset, or frighten a debtor" Harvey v. Great Seneca Fin. Corp. 453 F.3d 324, 330 (6th Cir. 2006). Courts have dismissed claims filed pursuant to § 1692d as a matter of law if the facts alleged do not have the natural consequence of harassing or abusing a debtor. *Id.* (citing Jeter v. Credit Bureau, 760 F.2d 1168, 1179 (11th Cir. 1985). The Sixth Circuit has applied an objective "least sophisticated consumer" test to determine the sufficiency of the allegations in this regard. *Id.* at 329.

Although Plaintiff alleges that Defendants have filed a lawsuit, the tactics envisioned in § 1692d do not include the mere filing of a debt collection lawsuit. *Id.* Plaintiff attached a copy of a letter from Lipsey. (Amended Complaint, Exhibit 2). However, Lipsey's letter references the sales contract, title with perfected lien, and an assertion of the balance remaining on the Plaintiff's account, but does not threaten any specific consequences. *Id.* Beyond asserting that the letters were threatening, Plaintiff's main contention seems to be that the letter came from an attorney in Knoxville rather than Franklin or Nashville. (Amended Complaint at 5). "Any attempt to collect a defaulted debt will be unwanted," *Harvey*, 453 F.3d at 330, however under the "least sophisticated consumer" standard, the attorney's letter plainly did not have the natural consequence of harassing, abusing, or oppressing the debtor, but was simply a prelude to the lawsuit properly filed upon the debtor's perceived default. The Plaintiff's Amended Complaint fails to state a claim against both Defendant Steven Lipsey and Stone & Hinds, P.C..

2. Breach of Warranty

To bring a breach of warranty claim under the Magnuson-Moss Warranty Act, a "plaintiff must show: (1) that the goods are subject to a warranty and are nonconforming; (2) that the seller was given a reasonable opportunity to cure the defects; and (3) that the seller failed to

8

repair the defects within a reasonable time or within a reasonable number of attempts." <u>Ward Adventures, LLC v. Buddy Gregg Motor Homes, Inc.</u>, 2007 WL 869619, *5 (E.D. Tenn. 2007). Plaintiff can sue for failure to comply under written or implied warranty for damages and legal and equitable relief in an appropriate district court, provided the amount in controversy is greater than the sum or value of $50,000, exclusive of interests and costs, computed on the basis of all claims to be determined in the suit. 15 U.S.C. § 2310(d).

(a) <u>Ford Motor Company</u>

Plaintiff has alleged that he bought a truck manufactured by Ford Motor Company and that it is under warranty. (Complaint at 6). Plaintiff alleges vehicle performance problems including fuel mileage at 3 miles per gallon, low torque, and an engine that runs hot. *Id.* at 5. Plaintiff alleges that the warrantor was given opportunity to cure the defects and that the seller failed to repair the defects as not "correctable by the warranty" within a reasonable time or within a reasonable number of attempts. *Id.* at 4-5. Construed liberally, Plaintiff's allegations against Defendant FMC could be viewed as a MMWA breach of warranty claim as defined in *Ward Adventures.*

(b) <u>Jenkins & Wynne, Inc.</u>

Plaintiff has alleged that he bought the truck from Jenkins & Wynne, Inc. and that the dealership "could not do anything to the vehicle for two weeks" after Plaintiff took it to them three days after purchase. (Complaint at 6). However, Plaintiff never alleges that he took it back to Jenkins & Wynne, Inc. after the initial attempt or that they failed to repair the defects after a reasonable time or number of attempts. *Id.* In fact, all of the attempted repairs that Plaintiff lists

9

occurred at other dealerships. *Id* at 7-8. Plaintiff thus fails to state a breach of warranty claim against Jenkins & Wynne, Inc. as defined in *Ward Adventures*.

(c) Service Dealerships

The Plaintiff's allegations against Defendants Stan McNabb Ford and Alexander Ford, Lincoln-Mercury, Inc. at most appear to be that these dealerships failed to repair the defects in his truck unless authorized as "correctable by warranty" by Defendant FMC. Under the MMWA, "only the warrantor actually making a written affirmation of fact or promise is deemed to have created a written warranty, and any rights arising thereunder may be enforced ... only against such warrantor and no other person." 15 U.S.C. § 2310(f). Plaintiff's allegations that Stan McNabb Ford and Alexander Ford, Lincoln, Mercury, Inc. have serviced the truck and not replaced parts unless authorized under written warranty by FMC fail to state a claim for breach of warranty under the MMWA.

(d) Amount in Controversy

Plaintiff's alleged damages include the repurchase and replacement of his vehicle, compensatory damages of $100,000 from each named Defendant dealership and Defendant FMC, punitive damages of $1,000,000 from each named Defendant dealership and Defendant FMC, and injunctive relief against Defendant FMC to change its advertising and warranty policies. (Complaint at 12-16).

Under Rule 8(a) the plaintiff must assert the basis for federal jurisdiction. Federal question jurisdiction under the MMWA is dependent upon the amount in controversy being greater than the sum or value of $50,000, exclusive of interests and costs, computed on the basis of all claims to be determined in the suit. 15 U.S.C. § 2310(d). The Sixth Circuit recently

10

addressed the issue of damages under this jurisdictional statutory provision and adopted the approach of the Third and Seventh Circuits. Golden v. Gorno Bros., Inc., 410 F.3d 879, 885 (6th Cir. 2005).

The Golden court cited the Third Circuit Shimmer decision which stated that the amount in controversy is "determined by an evaluation of the controversy described in the plaintiff's complaint and the record as a whole, as of the time the case was filed," adding that "the court is not bound to accept at face value the plaintiff's demand for a refund or any affidavit asserting damages exceeding $50,000 when he is not entitled *at law* to recover such damages." *Id.* at 882 (citing Shimmer v. Jaguar Cars, Inc., 384 F.3d 402, 405 (3d Cir. 2004)).

Full written warranties, under the MMWA-prescribed minimum standards, must provide that the remedy "after a reasonable number of attempts by warrantor to remedy defects" is "either a refund ... or replacement without charge" of the product. 15 U.S.C. § 2304(a)(4). Under the MMWA the appropriate measure of damages for a refund or revocation claim under breach of warranty is the difference between the cost of a replacement vehicle and the present value of the allegedly defective vehicle, reduced by any value the plaintiff received and excluding finance charges from the analysis. *Golden*, 410 F.3d at 885.

Implied warranties under the MMWA are warranties arising from state law. 15 U.S.C. 2301(7). Under Tennessee state law revocation is available to a buyer only against a seller and not against a manufacturer who was not the seller. Long v. Monaco Coach Corp., 2006 WL 2564040 *4 (E.D. Tenn. 2006). "Against the manufacturer who is not the seller, [the buyer] is only entitled to damages." *Id.* The measure of damages for breach of warranty is the difference at time and place of acceptance between the value of the goods accepted and the value as

11

warranted unless special circumstances show proximate damages of a different amount. T.C.A. § 47-2-714(2). Analyzing an identical Michigan statute, the Sixth Circuit also applied the standard that the measure of damages for a claimed breach of warranty is the difference between the cost of a replacement vehicle and the present value of the allegedly defective vehicle reduced by any value the plaintiff received and excluding finance charges from the analysis. *Golden*, 410 F.3d at 885.

Tennessee law recognizes incidental and consequential damages for breach in regard to accepted goods under T.C.A. § 47-2-714(3). However, incidental damages are limited to expenses incurred in inspection, receipt, and custody of goods rightfully rejected and commercially reasonable charges, expenses or commissions in connection with effecting cover. T.C.A. § 47-2-715(1). Consequential damages include "loss from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover." T.C.A. § 47-2-715(2).

In applying Tennessee state law to the MMWA in regard to the amount in controversy, the Western District of Tennessee has held that "[p]unitive damages are not provided for in the act and do not satisfy the jurisdictional requirement." Privett v. Weld Wheel Industries, Inc., 2006 WL 7215435 (W.D. Tenn. 2006).

The cash price Plaintiff paid for the vehicle was $33,244.59 from the copy of the invoice supplied with Plaintiff's first filing. (Docket Entry No. 1, Exhibit 3 at 5). Taken as either the value as warranted under Tennessee law or the cost of a replacement vehicle under the refund standard announced in *Golden*, the starting point of the calculation is well below the amount in controversy requirement.

12

Plaintiff bases his compensatory damages claims on extra fuel used as a result of the breach of warranty, $4,000 of clear profits for each day out of service, and $180,000 of income for operating the vehicle in need of repairs. (Complaint at 9). Plaintiff has not alleged that these damages were incurred due to expenses associated with keeping custody of rejected goods, nor that they were commercially reasonable expenses in effecting cover under § 47-2-715(1). Nor has he pled that these damages were consequential damages resulting from requirements of which the seller had reason to know, and which could not have been reasonably prevented by cover under § 47-2-715(2). It appears that the seller would have had no reason to know of Plaintiff's requirements for the truck, because the Ford Credit installment contract has marked that the vehicle was purchased for personal rather than commercial use. (Docket Entry No. 1, Exhibit 3, at 6).

Although Plaintiff seeks punitive damages of $1,000,000 from the Defendants, (Complaint at 14), punitive damages do not help satisfy the amount in controversy requirement. *Privett*, 2006 WL 7215435.

Plaintiff fails to state a claim under the MMWA that meets the minimum amount in controversy of $50,000 for federal question jurisdiction.

3. False Advertising and Defective Products

Plaintiff also mentions a false advertising claim in his complaint. (Complaint at 2). However, "[c]onsumers have no standing under the Lanham Act to sue for false advertising." Made in the USA Foundation v. Phillips Foods, Inc., 365 F.3d 278, 280-81 (4th Cir. 2004) (citing Colligan v. Activities Club of New York, 442 F.2d 686 (2d Cir. 1971)). Nor has plaintiff attempted to claim under the Tennessee Consumer Protection Act. Even if such a claim were

13

alleged, the apparent defects in Plaintiff's federal causes of action would likely preclude the exercise of supplemental jurisdiction over such a claim.

D. Plaintiff's Response to Defendants' Motions

The court has considered Plaintiff's recently filed response to Defendants' motions to dismiss. (Docket Entry No. 124). Plaintiff's response mainly recites the assertions included in the Complaint and Amended Complaint with respect to the purchase of the vehicle, contacts from Ford Motor Credit Company and its employees, Plaintiff's communication with Lipsey, the filing of the state collection action after the filing of this complaint, and the time the vehicle was in service, in addition to other allegations which had not previously been pled. (Docket Entry No. 124 at 1, 2, 3-4, 5, 7). However, Plaintiff's response does not address the problems with his complaint raised by the motions to dismiss with respect to the inapplicability of the Fair Debt Collection Practices Act to FMCC and its employees, and the failure to state a claim against the defendant dealerships, nor does it change the undersigned's view as to Plaintiff's failure to meet amount in controversy requirements of the Magnuson-Moss Warranty Act for purposes of federal subject matter jurisdiction.

In sum, the undersigned concludes that the motions to dismiss Plaintiff's Complaint have merit, and that this case should therefore be dismissed.

III. Recommendation

Accordingly, the undersigned RECOMMENDS that the Defendants' motions to dismiss be GRANTED, that the claims against Defendants Stan McNabb Ford, Alexander Ford, Lincoln-Mercury, Inc., Cox, Thyen, Holt, and Marshall, and Plaintiff's charges under the Fair Debt Collection Practices Act against Ford Motor Credit Company ("FMCC") be DISMISSED for

14

failure to state a claim upon which relief can be granted, and that the claims against Defendants Ford Motor Company ("FMC") and Jenkins & Wynne, Inc. for breach of warranty be DISMISSED for lack of subject matter jurisdiction resulting from failure to meet amount in controversy requirements.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed against this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days from receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

Entered this 13th day of June, 2007.

s/ John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge