UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| KURT F. LUNA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 3:06-0658 |
| | ) JUDGE ECHOLS |
| FORD MOTOR COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court are the Report and Recommendation ("R&R") entered by the United States Magistrate Judge on June 13, 2007 (Docket Entry No. 125), and a subsequent clarifying Order entered on June 19, 2007 (Docket Entry No. 126); Plaintiff Kurt Luna's Objections To Magistrate's Report and Recommendations DE #125, and Magistrate's Amended Order DE # 126 (Docket Entry No. 129); the Collective Response of Defendants Ford Motor Credit Company, Jennifer Hold, Richard Thyen, Steven Lipsey, and Stone & Hinds, P.C. In Opposition to Plaintiff's Objections (Docket Entry No. 131); Defendants Ford Motor Company, Jenkins & Wynne, Inc., LaMarta Cox, Robin Marshall, and Allison Sample's Reply to Plaintiff's Objections (Docket Entry No. 132); and Plaintiffs Reply (Docket Entry No. 135).

In the R&R, the Magistrate Judge recommends that the motion to dismiss of Defendants Ford Motor Company ("FMC") and Jenkins & Wynne, Inc. ("Jenkins"), should be granted and Plaintiff's claims against these Defendants should be dismissed without prejudice for lack of subject matter jurisdiction. The Magistrate Judge also recommends that the motions to dismiss of all other Defendants should be granted and Plaintiff's claims against those Defendants should be dismissed with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

When a party makes timely objections to a Report and Recommendation, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and

consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.P. 9(b)(3).

Plaintiff did not make precise objections to the Magistrate Judge's rulings to "state with particularity the specific portions of the Magistrate Judge's report . . . to which an objection is made[,]" as required. L.R.M.P. 9(b)(1). Plaintiff did not point to any legal or factual dispute that he had with Magistrate Judge Bryant's rulings. Rather, Plaintiff challenged the R&R generally and reiterated arguments he made in previous pleadings. Despite Plaintiff's failure to articulate specific objections to the R & R, the Court nonetheless has conducted a *de novo* review.

The Court agrees with all portions of the Magistrate Judge's analysis in the R&R except that part addressing whether Plaintiff asserted a sufficient amount in controversy for this Court to have subject matter jurisdiction over Plaintiff's claims against FMC and Jenkins under the Magnuson-Moss Warranty Act ("MMWA"). Consequently, the Court hereby ACCEPTS all portions of the R&R to which the Court indicates its agreement.

Neither FMC nor Jenkins raised the amount in controversy issue. Rather, the Magistrate Judge *sua sponte* considered the court's subject matter jurisdiction. (R&R at 2 n.1.) Even though Plaintiff did not directly address the jurisdictional issue in his objections, the Court will consider *sua sponte* whether the Court has subject matter jurisdiction over Plaintiff's claims against FMC and Jenkins.

The Magistrate Judge concluded that Plaintiff did not assert an amount in controversy greater than $50,000, exclusive of interest and costs, computed on the basis of all claims to be determined in the suit, as required by 15 U.S.C. § 2310(d). Relying on Golden v. Gorno Bros., Inc., 410 F.3d 879, 885 (6th Cir. 2005), the Magistrate Judge determined that, under the MMWA, "the appropriate measure of damages for a refund or revocation claim under breach of warranty is the difference between the cost of a replacement vehicle and the present value of the allegedly defective vehicle, reduced by any value the plaintiff received and excluding finance charges from the

2

analysis." (R&R at 11.) The Magistrate Judge ruled that the "cash price Plaintiff paid for the vehicle was $33,244.59" as shown on the invoice supplied with Plaintiff's first filing, (Docket Entry No. 1, Ex. 3 at 5), and this starting point was well below the amount in controversy requirement of $50,000 set forth in § 2310(d).

The Magistrate Judge gave no credence to Plaintiff's request for compensatory damages for extra fuel used as a result of the breach of warranty, $4,000 of "clear profits" for each day the truck was out of service for attempted repairs, $180,000 in lost income for operating the vehicle in need of repairs, and "undue stress and emotional trauma" Plaintiff alleges he suffered as a result of the actions of FMC and Jenkins. (Docket Entry No. 57, Complaint at 9.) The Magistrate Judge observed:

> Plaintiff has not alleged that these damages were incurred due to expenses associated with keeping custody of rejected goods, nor that they were commercially reasonable expenses in effecting cover under § 47-2-715(1). Nor has he pled that these damages were consequential damages resulting from requirements of which the seller had reason to know, and which could not have been reasonably prevented by cover under § 47-2-715(2). It appears that the seller would have had no reason to know of Plaintiff's requirements for the truck, because the Ford Credit installment contract has marked that the vehicle was purchased for personal rather than commercial use. (Docket Entry No. 1, Exhibit 3, at 6).

(R&R at 13.)[1] Correctly holding that Plaintiff's request for $1 million in punitive damages against each Defendant could not be considered in determining the amount in controversy, Privett v. Weld Wheel Indus., Inc., 2006 WL 7215435 (W.D. Tenn. 2006), the Magistrate Judge concluded that subject matter jurisdiction was lacking under the MMWA.

---

[1]The Court does not agree with the Magistrate Judge's analysis in this paragraph. The exhibits Plaintiff presented with his pleadings confirm that FMC marketed the F350 pickup sold to Plaintiff as a super duty pickup. Plaintiff's pleadings and exhibits confirm that FMC and Jenkins had reason to know of Plaintiff's particular commercial requirements and needs for the F350 heavy duty pickup and therefore Plaintiff was entitled to pursue consequential damages against these Defendants for "any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise[.]" Tenn. Code Ann. § 47-2-715(2)(b).

The Court cannot agree with the Magistrate Judge that Golden controls here. In that case, the Sixth Circuit decided under the MMWA only whether a plaintiff's revocation-of-acceptance claim met the amount in controversy requirement. In Harnden v. Jayco, Inc., 496 F.2d 579 (6th Cir. 2007), a case decided after the Magistrate Judge issued the R&R, the Sixth Circuit distinguished Golden and ruled that Golden's formula for calculating the amount in controversy in an MMWA case applied only to revocation-of-acceptance claims. In Harnden, a rescission claim was at issue, and the Sixth Circuit held that "[w]hat is truly in dispute is $51,451.22–the amount of Harnden's contract, without offset." Because the amount in controversy on the rescission claim exceeded $50,000, the Sixth Circuit held that the jurisdictional amount was met. Id. at 582.

In his *pro se* Complaint under the heading, "Relief Requested:," Plaintiff sought:

**A.** For the Defendant Ford Motor Company to repurchase the vehicle from the Plaintiff for the exact price paid, plus all taxes, financing costs (interest), licensing and registration costs, insurance premiums paid, licensing and other preparation for use costs as evidence[d] by copies of receipts attached as exhibits, transfer fees and costs incurred as a result of said repurchase.

(Docket Entry No. 57, Complaint at 12.) Giving the *pro se* Plaintiff's pleading the liberal construction to which it is entitled, Plaintiff's request that FMC "repurchase the vehicle from the Plaintiff for the exact price paid" is equivalent to a demand for rescission of the contract with FMC and Jenkins. As such, Harnden controls, and what is at issue is the amount of Plaintiff's contract, without offset. See Harnden at 582.

The Jenkins invoice and bill of sale for the F350 pickup showed that the total contract price to Plaintiff was $51,544.20. (Docket Entry No. 1, Ex. 3 at 5.) This figure also appeared on the Ford Credit Vehicle Retail Installment Contract. (Id. at 6.) Thus, even without considering the consequential damages Plaintiff alleged, the Court concludes that the amount in controversy exceeds $50,000. The Court therefore REJECTS that portion of the R&R holding that the jurisdictional amount was not satisfied. (R&R "(d) Amount in Controversy at 10-13.) Accordingly, the Court rules as follows:

(1) Plaintiff's Objections (Docket Entry No. 129) are hereby OVERRULED.

(2) The R&R (Docket Entry No. 125) is hereby ACCEPTED IN PART and REJECTED IN PART as stated in this Order.

(3) Defendant Stan McNabb Ford's Renewed Motion to Dismiss (Docket Entry No. 103), and Motion to Dismiss (Docket Entry No. 60), are hereby GRANTED. Plaintiff's claims against Stan NcNabb Ford are hereby DISMISSED WITH PREJUDICE for failure to state a claim.

(4) Defendant Ford Motor Credit Company's Renewed Motion to Dismiss (Docket Entry No. 120) and Defendant Ford Motor Credit Company and Employees' Motion to Dismiss (Docket Entry No. 61) are hereby GRANTED. Plaintiff's claims against Ford Motor Credit Company, Jennifer Holt and Richard Thyen, are hereby DISMISSED WITH PREJUDICE for failure to state a claim.

(5) Defendant Alexander Ford, Lincoln-Mercury, Inc.'s Renewed Motion to Dismiss (Docket Entry No. 113), and its Motion to Dismiss (Docket Entry No. 65) are hereby GRANTED. Plaintiff's claims against Alexander Ford, Lincoln-Mercury, Inc., are hereby DISMISSED WITH PREJUDICE for failure to state a claim.

(6) The Motion To Dismiss On Behalf Of Defendants Steven Lipsey and Stone & Hinds, P.C. (Docket Entry No. 122) is hereby GRANTED. Plaintiff's claims against Steven Lipsey and Stone & Hinds, P.C., are hereby DISMISSED WITH PREJUDICE for failure to state a claim.

(7) Defendants Ford Motor Company, Jenkins and Wynne, Inc., and Employees' Motion to Dismiss (Docket Entry No. 63) and Motion to Dismiss Amended Complaint (Docket Entry No. 100), are hereby GRANTED IN PART and RESERVED IN PART. The Motions are GRANTED to the extent that Plaintiff's claims against the individual employees, Lamarta Cox, Robin Marshall, and Allison Sample are DISMISSED for failure to state a claim. The Motions are RESERVED to the extent that the Court reversed the Magistrate Judge's jurisdictional ruling, and the Court must now

consider whether Ford Motor Company and Jenkins & Wynne have asserted any proper basis for dismissal of Plaintiff's claims against them.

(8) This case is hereby returned to the Magistrate Judge for further case management and for submission of an R&R on whether the Motion to Dismiss filed by Defendants Ford Motor Company and Jenkins and Wynne, Inc. (Docket Entry No. 63) and their Motion to Dismiss Amended Complaint (Docket Entry No. 100), should be granted or denied. The Magistrate Judge should also address Plaintiff's pending "Motion For Preliminary Injunction" (Docket Entry No. 91), which the Court construes as a motion to preserve evidence, and Motion for Judicial Notice (Docket Entry No. 137).

IT IS SO ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE