IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KURT F. LUNA | ) | |
| | ) | |
| v. | ) | No. 3:06-0658 |
| | ) | Judge Echols/Bryant |
| FORD MOTOR CO., et al. | ) | |

**O R D E R**

Currently pending in this civil action is plaintiff's motion for preliminary injunction (Docket Entry No. 91), which the Court has construed as a motion to preserve evidence (Docket Entry No. 143 at 6), upon which the undersigned should rule.

In his motion, filed on May 4, 2007, plaintiff seeks to prevent the effectuation of the Marshall County General Sessions Court's judgment granting possession to Ford Motor Credit Company ("FMCC") of the F350 pickup truck which is the collateral on its loan to plaintiff, as well as the subject of the instant breach of warranty litigation. As of the date plaintiff's motion was filed, his appeal of the General Sessions Court judgment to Marshall County Circuit Court was pending; however, in view of the Circuit Court's subsequent dismissal of plaintiff's appeal and the failure of plaintiff's effort to consolidate the state and federal proceedings (Docket Entry Nos. 81, 127), it appears that the judgment in the state replevin action is now final.

While plaintiff's motion sought to ensure the preservation of his principal piece of evidence, the truck,

1

against all repossession efforts while he was still contesting the validity of those efforts in state court, the lone argument he advances in support of his position here would fail regardless of the posture of the state court proceeding.  Plaintiff directs the Court's attention to the contract disclosures regarding loan repayment (Docket Entry No. 1, Ex. 3 at 6-7; Docket Entry No. 85, Ex. 5 at 3; Docket Entry No. 102, Ex. A), arguing that since no mark was made in any of the checkboxes labeled "Monthly," "Semi-Annually," or "Annually," the claim that he was past due on his payments and thus in default of the contract is false.  This argument ignores the plain import of the provisions of the "Vehicle Retail Installment Contract," calling for loan repayment in sixty installments of $784.07 over the sixty-month period between February 9, 2006 and January 9, 2011.  (Id.)  Moreover, it appears upon close examination of the document at issue that the mark intended for the box to the left of the "Monthly" designation was superimposed over the letter 'o' in the word "Monthly," just as at the top of the document, in the "Use For Which Purchased" field, the mark is superimposed over the 'P' in the word "Personal" rather than in the checkbox to the left of that word.  In short, the undersigned finds no evidentiary grounds or legal support in the materials or statute (28 U.S.C. § 1651) cited by plaintiff for preventing the secured creditor FMCC, which is no longer a party to this action, from exercising

2

the rights in the collateral which it acquired upon plaintiff's default on the loan, and which it had affirmed by the courts of Marshall County in early 2007.

Alternatively, the undersigned notes that a paragraph from plaintiff's Motion to Alter or Amend Judgment (Docket Entry No. 144 at 5, ¶ 10) appears to indicate that the vehicle has already been repossessed by FMCC and sold to partially cover its deficiency, rendering the instant motion moot. In any event, the motion for preliminary injunction, construed as a motion to preserve evidence, is hereby **DENIED**.

**So ORDERED.**

s/ John S. Bryant<br>
JOHN S. BRYANT<br>
UNITED STATES MAGISTRATE JUDGE