IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KURT F. LUNA | ) | |
| | ) | |
| v. | ) | No. 3:06-0658 |
| | ) | Judge Echols/Bryant |
| FORD MOTOR CO., et al. | ) | |

To: The Honorable Robert L. Echols, Senior Judge

**REPORT AND RECOMMENDATION**

*Introduction*

On January 30, 2008, the Court entered an Order (Docket Entry No. 143) adopting in part and rejecting in part the undersigned's prior Report and Recommendation (Docket Entry No. 125) on the dispositive motions filed by the various defendants to this action. Pursuant to the Court's Order, all claims against defendants Stan McNabb Ford, Ford Motor Credit Company ("FMCC"), Jennifer Holt, Richard Thyen, Alexander Ford, Lincoln-Mercury, Inc., Steven Lipsey, Stone & Hines, P.C., Lamarta Cox, Robin Marshall, and Allison Sample were dismissed with prejudice. The remainder of the case was returned to the undersigned, with instructions, *inter alia*, to submit "an R&R on whether the Motion to Dismiss filed by Defendants Ford Motor Company and Jenkins and Wynne, Inc. (Docket Entry No. 63) and their Motion to Dismiss Amended Complaint (Docket Entry No. 100), should be granted or denied." Having considered these motions as instructed, and for

1

the reasons set out below, the undersigned recommends that the motions be GRANTED with respect to defendant Jenkins & Wynne, Inc., and DENIED with respect to defendant Ford Motor Company.

### *Analysis*

The claims remaining in this lawsuit arise from the alleged mechanical and performance deficiencies which plaintiff encountered while attempting to use, in the course of his interstate hauling business, a new Ford F350 super duty pickup truck, manufactured by Ford Motor Company ("FMC") and purchased by plaintiff at the dealership owned by Jenkins & Wynne, Inc. ("Jenkins"). These claims for breach of warranty are brought under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 et seq., pursuant to which the Court has jurisdiction, as determined in the Court's Order.[1]

In reviewing the motions to dismiss for failure to state a claim upon which relief can be granted, the undersigned

---

[1] Regarding the Court's ruling that the MMWA's $50,000 amount in controversy requirement is met in this case, it bears noting that, pursuant to the controlling case of Harnden v. Jayco, Inc., 496 F.3d 579 (6th Cir. 2007), the amount in controversy in a rescission claim such as the one at bar is the contract purchase price, *exclusive of finance charges*. Id. at 582 n.1; see Golden v. Gorno Bros., Inc., 410 F.3d 879, 883 (6th Cir. 2005). Both the Ford Credit Vehicle Retail Installment Contract and the Jenkins invoice and bill of sale for the F350 pickup (Docket Entry No. 1, Ex. 3 at 5-7) show that, of the $51,544.20 total contract price, finance charges accounted for $15,401.08. Accordingly, for purposes of the MMWA's amount in controversy requirement, the rescission claim does not appear to involve more than the $36,143.12 total cash price of the pickup. Nonetheless, in light of the Court's finding that plaintiff's alleged consequential damages should be included in the calculus (Docket Entry No. 143 at 3 n.1), the amount in controversy requirement appears to be easily met in this case, and the Court therefore has subject-matter jurisdiction under 28 U.S.C. § 1331.

must view the complaint in the light most favorable to plaintiff and accept all of his factual allegations as true.  E.g., Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998).  The pro se complaint is to be construed liberally, Boag v. MacDougall, 454 U.S. 364, 365 (1982), though not so liberally as to abrogate basic pleading requirements.  Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).  At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002), and must contain "allegations plausibly suggesting (not merely consistent with)" the elements of a claim.  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965-66 (2007).

       Preliminarily, it is noted that in addition to seeking dismissal for failure to state a claim, defendants' motions also raise the defense of improper service of process under Fed.R.Civ.P. 12(b)(5), and their motion to dismiss amended complaint argues that the amendment joining additional defendants Lipsey and Stone & Hinds, P.C., was improper in light of plaintiff's failure to seek leave of court or consent of the opposing parties.  However, as implied by the undersigned's previous R&R (Docket Entry No. 125 at 7), none of defendants' filings between the plaintiff's filing of his complaint on February 16, 2007 (Docket Entry No. 57) and his amended complaint on May 4, 2007 (Docket Entry No. 88) is a "responsive pleading"

3

within the meaning of Fed.R.Civ.P. 15(a)(1)(A), and so plaintiff was entitled by that rule to file his amendment as a matter of course, without seeking leave of court or defendants' consent. In particular, a motion to dismiss is not a responsive pleading. See, e.g., Youn v. Track, Inc., 324 F.3d 409, 415 n.6 (6th Cir. 2003); Herzog v. Sec'y of Health, Educ. and Welfare, 686 F.2d 1154, 1162 (6th Cir. 1982).

Moreover, plaintiff's amended complaint, which incorporates by reference his original complaint, appears to have been properly served with no deficiencies in process, thus curing his apparent failure to properly serve defendants with the original complaint, if that failure would even have supported a Rule 12(b)(5) motion otherwise, in view of the preceding 56 docket entries' worth of proceedings upon proper service and summons with plaintiff's "Motion for a Preliminary Injunction Pending Filing of Complaint" (Docket Entry No. 1).

Regarding the principal argument in the motions, that plaintiff's complaint/amended complaint fails to state a claim because it fails to contain the "short and plain statement" required by Rule 8(a) to fairly notify defendants of the nature of plaintiff's claim and the grounds upon which it rests, the undersigned is not persuaded. The undersigned previously found, and Judge Echols agreed, that plaintiff's complaint failed to comply with Rule 8(a) and thus failed to state a claim only with

4

respect to the individual employee defendants (Docket Entry No. 125 at 7; Docket Entry No. 143 at 5). Implicit in that finding, and explicit in other portions of the previous R&R (Docket Entry No. 152 at 4-5, 9), is the determination that the complaint against FMC is sufficient under Rule 8(a), inasmuch as, "[c]onstrued liberally, Plaintiff's allegations against Defendant FMC could be viewed as a MMWA breach of warranty claim as defined in *Ward Adventures*[*, LLC v. Buddy Gregg Motor Homes, Inc.*, 2007 WL 869619 (E.D. Tenn. 2007)]." (Id. at 9)[2] The undersigned has further found that the complaint against Jenkins fails to state a breach of warranty claim as defined in Ward Adventures. (Id. at 9-10) Judge Echols's Order did not disturb these findings, and upon reconsideration of the premises, the undersigned is not inclined to disturb them either.

Accordingly, in view of the Court's jurisdiction over

---

[2] The Ward Adventures court stated that, to bring a breach of warranty claim under the MMWA, "plaintiff must show: (1) that the goods are subject to a warranty and are nonconforming; (2) that the seller was given a reasonable opportunity to cure the defects; and (3) that the seller failed to repair the defects within a reasonable time or within a reasonable number of attempts." 2007 WL 869619, at *5. As noted in the previous R&R, plaintiff has alleged that he bought a truck manufactured by FMC and that it is under warranty (Docket Entry No. 57 at 6-7); that he experienced performance problems including fuel mileage at 3 miles per gallon, low torque, and an engine that runs hot (id. at 5); and that FMC failed to cure these defects after a reasonable time and a reasonable number of attempts to have the defects repaired, at which attempts the defects were deemed not "correctable by the warranty" (id. at 4-5). However, with respect to Jenkins, plaintiff alleges only that he returned to the Clarksville, Tennessee dealership three days after purchasing the truck, and that the dealership told him they "could not do anything to the vehicle for two weeks[.]" (Id. at 6) Plaintiff does not allege that he ever returned to Jenkins after this initial attempt during the week following Christmas, but in fact alleges that his subsequent attempts to get performance on the warranty were all at other dealerships in Lewisburg and Murfreesboro, Tennessee. (Id. at 7-9)

5

plaintiff's MMWA claim against FMC, and the adequacy of his complaint in that regard, the case against FMC should proceed to discovery, while the case against Jenkins should be dismissed with prejudice.

### *Recommendation*

In light of the foregoing, the Magistrate Judge recommends that the motions to dismiss (Docket Entry Nos. 63 and 100) be GRANTED with respect to defendant Jenkins & Wynne, Inc., and DENIED with respect to defendant Ford Motor Company.

Any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this  28th  day of February, 2008.

                              s/ John S. Bryant
                              JOHN S. BRYANT
                              UNITED STATES MAGISTRATE JUDGE